UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BOBBIE JACKSON, IV,

Plaintiff,

v. Case No. 3:26cv4949-MW-HTC

LIEUTENANT J. EVANS, et al.,

Defendants.

______________________________/

REPORT AND RECOMMENDATION

On August 20, 2026, Plaintiff Bobby Jackson, IV, a prisoner proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint under 42 U.S.C. § 1983, complaining about the conditions of confinement at Santa Rosa Correctional Institution. Doc. 1. After reviewing the complaint, the undersigned finds it should be dismissed because Jackson failed to truthfully disclose his litigation history.

Section VIII of the Court's § 1983 complaint form required Jackson to disclose his prior litigation history and warned him that "***failure to disclose all prior state and federal cases – including, but not limited to civil cases, habeas cases, and appeals – may result in the dismissal of this case.***" Doc. 1 at 13 (emphasis in original). The form also advised Jackson that he "***should err on the side of caution if you are uncertain whether a case should be identified.***" *Id.*

Question A on the form asked Jackson to identify any case he has filed in federal court that was "dismissed as frivolous, as malicious, for failure to state a claim, or prior to service."[1] *Id.* at 14. Despite signing the complaint under "penalty of perjury, that all of the information … included on or with [the] form, including [his] litigation history, is true and correct," *see* Doc. 1 at 18 & 20, Jackson did not truthfully disclose his litigation history. While Jackson disclosed three (3) cases in response to Question A, he did not disclose *Jackson v. State of Florida*, 3:25cv68-MMH-SJH (M.D. Fla. dismissed in Doc. 6, March 20, 2025) ("For all of the foregoing reasons, Jackson has failed to state any viable claim, and this case is due to be dismissed without prejudice") and *Jackson v. Secretary*, 3:25cv709 (M.D. Fla. dismissed prior to service as duplicative by Doc. 10, July 17, 2025).[2] Both of these cases were filed prior to the instant complaint and should have been disclosed under Question A.

The Court has the inherent power to dismiss a complaint for failure to disclose even a single case. *See McNair v. Johnson*, 143 F.4th 1301 (11th Cir. 2025)

[1] The questions on the form serve several purposes, including assisting the Court: (1) in gauging a plaintiff's litigation experience; and (2) in identifying cases that qualify as strikes under 28 U.S.C. § 1915(g) and cases that are related or duplicative. *See Jacobs v. Comerford*, 2013 WL 6184052 at *4 (N.D. Fla. Nov. 25, 2013).

[2] Jackson listed an unidentified Middle District case under Question A, stating "N/A don't have it" instead of the case number and "N/A" instead of the date. However, Plaintiff's failure to investigate his litigation history prior to filing this case does not excuse his inaccurate disclosure *See Bashir v. Meherg*, No. 5:22cv142, 2022 WL 4471965, at *1 (N.D. Fla. Sept. 26, 2022).

(recognizing court's inherent authority to dismiss an action for failure to truthfully disclose litigation history when requested to do so on complaint form). It also has the inherent power to dismiss based on a failure to comply with orders of the Court, this Court's local rules, or for abusing the judicial process. *Id.* at 1308; *see also* N.D. Fla. Loc. R. 41.1 ("If a party fails to comply with an applicable rule or a court order, the Court may strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken.").

Thus, an appropriate sanction for Jackson's failure to truthfully disclose his litigation history is to dismiss this case without prejudice. *See Bratton v. Sec'y Dep't of Corr.*, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (dismissing case without prejudice when prisoner failed to disclose one prior federal case that was dismissed under 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, No. 5:08cv300/RS/EMT, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) (same); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence."). "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no

effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, No. 4:19cv191/RH/HTC, Doc. 52 (N.D. Fla. June 7, 2020).

Accordingly, it is RECOMMENDED that:

1. This case be DISMISSED WITHOUT PREJUDICE under the Court's inherent power for Jackson's failure to truthfully disclose his litigation history.

2. The clerk close the file.

At Pensacola, Florida, this 18th day of September, 2026.

/s/ Hope Thai Cannon

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.